# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:92-cr-00412-WSD-3 |
| ALVIN LORENZO WILLIS, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Alvin Lorenzo Willis' *pro se* Motion for Expungement (the "Motion") [110].

## I.   BACKGROUND

On November 10, 1992, an indictment was returned against Defendant Willis charging him and two (2) other defendants with conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846.  Defendant entered a plea of guilty on February 3, 1993.  He was sentenced to one hundred twenty (120) months of incarceration and five (5) years of supervised release.  His supervised release was completed on July 18, 2005.

On July 13, 2015, Defendant filed his *pro se* Motion for Expungement. Defendant seeks the records of his conviction be expunged noting that "[i]t has been 22 years (1993) since my case was charged" and "15 years since I was released from serving time." (Id. at 1).

## II.   DISCUSSION

Federal courts have limited jurisdiction and have only that power authorized to them by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The power granted does not include the general authority to expunge criminal convictions. See Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 700 (5th Cir. 1997). Congress does, however, provide for very limited expungement of criminal records for certain drug offenses. 18 U.S.C. § 3607(c). Expungement is allowed only for convictions for simple possession of a controlled substance for individuals under the age of 21 at the time of conviction who successfully complete pre-judgment probation pursuant to 18 U.S.C. § 607(a). Those conditions are not met here.

There is some authority supporting that a district court may, under extraordinary circumstances, expunge criminal records. See Menard v. Mitchell, 430 F.2d 486, 490-91 (D.C. Cir. 1970) (expungement allowed where Fourth Amendment violated). Expungement because of extraordinary circumstances is

rare. Extraordinary circumstances are not alleged here. Defendant provides no justification for expungement other than a number of years have passed since he was indicted in this case.

## III. CONCLUSION

The Court here is not authorized to order expungment and, in the absence of an extraordinary circumstance supporting the rare exercise of judicial expungement,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expungement [110] is **DENIED.**

**SO ORDERED** this 27th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE